# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE CAMPBELL, SR., | Case No. 1:14-cv-01218 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT |
| v. | |
| JEFFREY BEARD, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Anthony Tyrone Campbell, Sr., ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 4, 2014. He names Director Jeffrey Beard, Chief of Appeals J. A. Zamora, Warden P. D. Brazelton, Chief Deputy Warden R. Fisher, Jr., Associate Warden J. Buckley, Captain D. B. Allen, Lieutenant C. Nevarez, Appeals Coordinator J. Morgan, and Prison Guard D. Cardenas as Defendants.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.  SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California. The events giving rise to this action took place while Plaintiff was incarcerated at Pleasant Valley State Prison.

Plaintiff alleges the following. On July 3, 2013, an administrative segregation unit placement notice (CDC 114-D) was generated based on Plaintiff's commission of battery on a peace officer

with serious injury. On July 26, 2013, a disciplinary hearing was held. It was determined that the initial CDC 114-D failed to provide any explanation or circumstances of the alleged incident from which Plaintiff could prepare an adequate defense. Therefore, a new CDC 114-D was ordered and subsequently issued on August 6, 2013.

Plaintiff alleges that Defendant D. Cardenas deliberately falsified the date on the August 6, 2013, CDC 114-D form and falsely indicated the actual date of Plaintiff's placement in administrative segregation. The act was committed to cover up the Defendant's violation of a CDCR policy and time constraint regulation.

On August 7, 2013, Defendant D. Cardenas collaborated with Defendant D. B. Allen and urged the reviewer not to remedy the wrong.

On August 15, 2013, Plaintiff was summoned to appear before a second initial classification hearing at Pleasant Valley State Prison. The committee members included Defendants Fisher, Buckley, and Allen. Plaintiff protested the elapsed time constraint violation. Defendants denied Plaintiff's request and allowed the illegal CDCR 114-D to be considered.

Plaintiff appealed the decision. On October 8, 2013, Defendant Morgan denied the appeal despite clear and convincing knowledge of a constitutional violation. Also on October 8, 2013, Defendant Brazelton willfully failed to remedy the wrong at the second level of review despite clear and convincing knowledge of a violation of the Fourteenth Amendment. Brazelton acknowledged the wrong, but stated that the initial CDC 114-D dated July 3, 2013, did not provide enough information for Plaintiff to prepare an adequate defense, and for this reason a new 114-D was issued on August 6, 2013.

On June 2, 2014, Defendant Zamora failed to remedy the wrong at the third level of review. Defendant Zamora further stated untruthfully that Plaintiff was issued a new CDC 114-D prior to the disciplinary hearing.

Plaintiff states Defendant Beard failed to enforce policy and willfully allowed the constitutional violation and abuse of power to stand on final administrative review.

Plaintiff requests the disposition of the disciplinary hearing be rescinded and Plaintiff's lost time credits be restored. He further requests compensatory damages for pain and suffering and

3

mental anguish due to long term confinement in segregation. Last, he requests punitive damages for Defendants' wanton and deliberate violations and abuses of power.

## C. DISCUSSION

### 1. Linkage

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Here, Plaintiff fails to state how Defendant Nevarez participated in the violations at issue. Plaintiff must specifically state how each named Defendant personally acted to deprive him of his rights.

### 2. Placement in Administrative Segregation

With respect to placement in administrative segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (quotation marks omitted), *abrogated in part on other grounds*, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995); accord Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. Toussaint, 801 F.2d at 1100-01 (quotation marks omitted). Further, due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation. Id. (quotation

4

marks omitted).

Here, Plaintiff readily admits prison officials held a hearing on July 26, 2013, concerning a notice of placement in administrative segregation generated on July 3, 2013. At the hearing, it was determined that Plaintiff had not been given sufficient information concerning the placement in order to present a defense. Therefore, a new notice was requested in order to provide Plaintiff with sufficient information. On August 6, 2013, the notice was generated and provided to Plaintiff. Subsequently a hearing was held wherein Plaintiff made his opposition known and the committee members determined that a placement in administrative segregation was necessary. Based on the facts alleged, it is clear that all due process requirements were met under § 1983. Because the defects in the complaint cannot be cured by amendment, the Court will recommend that the complaint be dismissed.

3. Heck Bar

Plaintiff also appears to challenge the disciplinary hearing held with respect to the underlying offense of battery on a peace officer. Plaintiff requests that the disciplinary hearing be rescinded and the forfeited time credits be restored.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of

the disciplinary hearing.

4. <u>Inmate Appeals Process</u>

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)).

## D. **CONCLUSION AND ORDER**

Plaintiff's Complaint fails to state any cognizable federal claims against any named Defendant. Because the nature of the deficiencies are not curable by amendment, <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez</u>, 203 F.3d at 1130, the Court RECOMMENDS that the Complaint be DISMISSED for failure to state a claim, thus terminating the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 9, 2015**  /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE